United States District Court
Southern District of Texas
**ENTERED**
February 06, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JUAN A. CALZADO GILART, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:21-cv-2357 |
| | § | |
| SOUTHERN GLAZER'S WINE AND SPIRITS OF TEXAS, LLC, | § § | |
| | § | |
| Defendant. | § | |

**ORDER**

The court granted the defendant's motion for summary judgment and entered final judgment in this case in December 2022, a month after the defendant filed its motion. (Docket Entry No. 76, 81). Mr. Gilart filed a response to a separate motion in December 2022, but he failed to respond to the motion for summary judgment or timely request any additional time to respond.

On December 21, 2022, Mr. Gilart filed a motion to amend the scheduling order. (Docket Entry No. 79). The motion requested an extension of time for the deadline on the joint pretrial order and to move the docket call hearing from January 2023 to April 2023. Mr. Gilart's motion stated that he began to experience symptoms related to a sudden health issue on December 14, 2023, which was *after* his response to the motion for summary judgment was due. Mr. Gilart's motion did not even note his failure to respond to the motion for summary judgment or the expired deadline. In granting summary judgment for the defendant, the court denied as moot all other pending motions, including Mr. Gilart's motion to amend the scheduling order. (Docket Entry No. 81).

On January 27, 2023, almost a month after this case was closed, Mr. Gilart filed another motion to amend the scheduling and docket control order, largely copying and pasting from his

first motion. (Docket Entry No. 83). Again, Mr. Gilart asks for a time extension to file the joint pretrial order and to move the docket call hearing to April 2023. Mr. Gilart states that the orders granting summary judgment and entering final judgment "completely disregarded without fundaments [sic] the plea requested and timely filed when adjudicated [sic] the dismissal of the civil case with prejudice, despite 'good cause' has been shown." (Docket Entry No. 83 at 1). Again, Mr. Gilart does not even acknowledge his failure to respond to the motion for summary judgment or to timely request a new response date.

Despite being captioned a motion to amend the scheduling and docket control order, the court will consider this motion as what it truly is—a motion for reconsideration. The court's consideration also takes into account the leniency accorded to self-represented litigants. Based on the record and the applicable law, the court denies the motion to amend and the reconsideration of the summary judgment it seeks.

Motions for reconsideration exist for the exceedingly "narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Quinn v. Guerrero*, 863 F.3d 353, 360 (5th Cir. 2017) (quoting reference omitted). A party may not use a motion for reconsideration to "raise arguments that were presented or could have been presented in the past." *Id.* Mr. Gilart does not raise any legal or factual errors—let alone manifest errors—that the court made in granting summary judgment for the defendant.

Putting aside Mr. Gilart's failure to respond to the motion for summary judgment, the court recognized that Mr. Gilart was acting pro se and thoroughly considered the evidence in the light most favorable to him. (*See, e.g.*, Docket Entry No. 81 at 9). The court accepted certain legal conclusions—that Mr. Gilart is a member of a protected class, for example—that favored denying summary judgment. (*Id.* at 8). The court even considered objections that Mr. Gilart had not raised

to the inclusion of certain evidence. (*Id.* at 2 n.1). Yet, despite viewing the evidence in the light most favorable to Mr. Gilart, the court determined that Mr. Gilart could not, as a matter of law, satisfy key elements in his claims, and that Southern Glazer's was entitled to judgment as a matter of law.

If Mr. Gilart desires further review of the court's order granting summary judgment, he has 30 days from the entry of this order to file a notice of appeal. *See* FED. R. APP. P. 4(a)(4)(A). Mr. Gilart's motion to amend the scheduling and docket control order, (Docket Entry No. 83), is denied.

SIGNED on February 6, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge