United States District Court
Southern District of Texas
**ENTERED**
July 06, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JUAN A. CALZADO GILART, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 21-2357 |
| | § | |
| SOUTHERN GLAZER'S WINE AND SPIRITS OF TEXAS, LLC, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Juan Gilart sued his former employer in July 2021, arguing that his employer subjected him to a hostile work environment and then fired him for a discriminatory purpose. Mr. Gilart has represented himself through the entire litigation.

The employer, Southern Glazer's, moved for summary judgment in November 2022. (Docket Entry No. 76). Southern Glazer's presented extensive, undisputed evidence showing that Mr. Gilart was actually fired because he sexually harassed a female coworker. In December 2022, the court granted Southern Glazer's motion, finding that no material fact dispute precluded summary judgment and that Southern Glazer's was entitled to judgment as a matter of law. (Docket Entry No. 81). Final judgment was entered in a separate, contemporaneous document, and the case was closed. (Docket Entry No. 82).

A month later, Mr. Gilart filed a motion that he labeled as a motion for a continuance of the scheduling order. (Docket Entry No. 83). Notwithstanding the label, the content of the motion asked the court to reconsider its earlier decision, and the court treated the motion as a motion for reconsideration under Rule 60(b) of the Federal Rules of Civil Procedure. (Docket Entry No. 86). Because Mr. Gilart failed to raise any legal or factual errors in the court's prior order, the court

denied the motion for reconsideration. (*Id.*).

Mr. Gilart filed a notice of appeal and then an application to proceed *in forma pauperis* on appeal. (Docket Entry Nos. 87, 89). Because the court found the appeal frivolous, the court denied the motion to proceed *in forma pauperis* under Rule 24 of the Federal Rules of Civil Procedure. (Docket Entry No. 95).

Frustrated by this court's rulings, Mr. Gilart has now filed a motion for recusal of the undersigned judge. (Docket Entry No. 98). He believes that he was treated unfairly and that he should have prevailed in his claims. His recusal motion expresses his belief that the judge handling his case was biased against him.

Because an appeal has been docketed and is pending, the court lacks the authority to grant the requested relief except as allowed under Rule 62.1 of the Federal Rules of Civil Procedure. Rule 62.1 allows the court to: "(1) defer consider the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." FED. R. CIV. P. 62.1(a).

Mr. Gilart's motion for recusal does not raise a substantial issue, and the court would not grant it. Mr. Gilart appears to seek recusal on the following bases:

(a)   Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b)   He shall also disqualify himself in the following circumstances:

  (1)   Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . . .

28 U.S.C. § 455. Neither basis is meritorious. There is no reasonable basis to question this judge's impartiality in this case. The decisions were based on the facts and law. Second, the judge had

no personal bias or prejudice about Mr. Gilart, or personal knowledge of any of the disputed evidentiary facts involving either party. The judge had not previously known or encountered any of the parties or the witnesses to the suit.

Because no grounds exist that require recusal, the motion for recusal is denied.

SIGNED on July 6, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge